IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: H&R BLOCK IRS FORM 8863 LITIGATION | ) ) ) | MDL No. 2474 |
| ALL ACTIONS | ) ) | Master Case No. 4:13-MD-02474-FJG |

### FINAL APPROVAL ORDER AND JUDGMENT

This matter is before the Court on Plaintiffs Richard Dreyling, Maighan Dreyling, Taryn Knox, Tommi Head, Thomas James, Janet James, Kelley Mannix, Anatashia Wishon, Joseph Page, Lisa Rau, Kathleen Connelly-Brown, Bianca Venters, Twana Barrett, Nathan Poole, Jr., Kristy Fast, Timothy Fast, Darren Tucker, Ellen Tucker, Amy McAfee, Beverly Hand, Michelle Brantley, Brian Flaherty, Rachel Flaherty, Phillip Mann, Cynthia Brice, Debra Dodge, Michael Dodge, Steven Scott, Misty Scott, Robert Lefebvre, Julie Lefebvre, LaTisha Johnson's (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement (Doc. No. 107) and Class Counsels' Application for Attorneys' Fees, Expenses and Class Representative Awards (Doc. No. 105). Having considered the Motions, the Settlement Agreement, the pleadings, the statements of counsel and the parties, and the arguments presented at the Final Approval Hearing held on May 19, 2016, the Court makes the followings findings.[1]

1. Plaintiffs and Defendants HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Technology LLC, and HRB Digital LLC (collectively, the "H&R Block

---

[1] The capitalized terms in this Final Approval Order and Judgment shall have the meaning as defined herein and in the Settlement Agreement.

Defendants") reached a class settlement ("Settlement Agreement") to resolve the claims in this Action.

2. The Court's January 12, 2016 Order (Doc. No. 104) granted Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement (Doc. No. 98), conditionally certified for settlement purposes only the Settlement Class, appointed Analytics LLC as the Claims Administrator, and ordered the Class Notice be directed by the Claims Administrator to the Settlement Class.

3. The Claims Administrator effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order.

4. On February 24, 2016, Plaintiffs filed their Motion for Final Approval of Class Settlement (Doc. No. 107) and Class Counsels' Application for Attorneys' Fees, Expenses and Class Representative Awards (Doc. No. 105).

5. Only one objection was filed with respect to the Settlement Agreement. (Doc. No.109).

6. No Settlement Class Member requested to be excluded from the Settlement Agreement.

7. On May 19, 2016, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, whether the Settlement should be finally approved, whether the Settlement Class should be finally certified, whether Class Counsel's request for attorneys' fees and expenses should be awarded, and whether the request for class representative awards should be approved.

8. At the Final Approval Hearing, Class Counsel appeared for Plaintiffs and the Settlement Class and Jones Day appeared for the H&R Block Defendants. No Settlement Class Member, including the sole objector, appeared to contest the Settlement.

THEREFORE, it is ORDERED that Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. No. 107) and Class Counsels' Application for Attorneys' Fees, Expenses and Class Representative Awards (Doc. No. 105) are GRANTED, the Settlement Agreement is finally approved, and judgment shall be entered as follows:

1. The Court has personal jurisdiction over Plaintiffs, the H&R Block Defendants, and all Settlement Class Members. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), including jurisdiction to approve the proposed Settlement and dismiss this Action on the merits with prejudice.

2. The Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All persons in the United States who timely opted out of Defendants' Arbitration Clause, and on whose behalf Defendants prepared and/or submitted 2012 tax returns that included IRS Form 8863 before February 22, 2013.
>
> All federal judges to whom this case is assigned and members of their families within the first degree of consanguinity, and employees, officers and directors of the Released Parties are excluded from the class

In so holding, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes only, as follows:

(a) Settlement Class Members are so numerous that joinder of all members is impracticable;

(b) There are questions of law and fact common to the Settlement Class;

(c) The claims and defenses of Plaintiffs are typical of the claims and defenses of the Settlement Class Members;

(d) Plaintiffs and Class Counsel have fairly and adequately protected and represented the interests of the Settlement Class;

(e) Questions of law and fact common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

(f) A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The Settlement Agreement is fair, reasonable, and adequate. It was reached after lengthy arms'-length and good faith negotiations. Counsel assessed the case's strengths and weaknesses and structured the Settlement Agreement in a way that adequately accounts for those strengths and weaknesses. In negotiating and entering into the Settlement Agreement, Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members.

4. The Class Notice complied with the Preliminary Approval Order, the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution. The Class Notice in the form approved by the Court constituted the best practicable notice under the circumstances. It was concise, clear, and in

plain, easily understood language, and was reasonable calculated, under the circumstances, to apprise Settlement Class Members of the pendency and nature of the Action, the Settlement Class definition, their right to be excluded from the Settlement Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members.

5. The Court overrules the objection filed by Arthur Green (Doc. No. 109).

6. As set forth in the Settlement Agreement and by operation of law, the terms of the Settlement Agreement and the Final Approval Order and Judgment shall have *res judicata*, collateral estoppel, and complete preclusive effect, with respect to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises attorneys' fees, costs, interests, or expenses which are based on, or in any way related to, any and all claims for relief, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which were or could have been asserted in the Action.

7. The parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms.

8. All claims in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below, including all claims in the following actions:

(a) In re H&R Block Form 8863 Litigation, No. 4:13-MD-02474-FJG (W.D. Mo.)

(b) Juan Ortega, et al. v. H&R Block, Inc., et al., 4:13-cv-01058 (W.D. Mo.)

(c) Maighan O. Perry Dreyling, et al. v. H&R Block, Inc. et al., 4:13-cv-01065 (W.D. Mo.)

(d) Nicholas Cauthen v. H&R Block, Inc., et al., 4:13-cv-01067 (W.D. Mo.)

(e) Robert Lefebvre, et al. v. H&R Block, Inc., et al., 4:13-cv-01068 (W.D. Mo.)

(f) Ursula Millett, et al. v. H&R Block, Inc., et al., 4:13-cv-01070 (W.D. Mo.)

(g) Lisa Marie Waugh v. H&R Block, Inc., et al., 4:13-cv-01064 (W.D. Mo.)

(h) Mark Wilkerson, et al. v. H&R Block, Inc., 4:13-cv-01056 (W.D. Mo.)

(i) Justin Ramsey, et al. v. H&R Block, Inc., 4:13-cv-01063 (W.D. Mo.)

(j) Arthur Green, et al. v. H&R Block, Inc., et al., 4:13-cv-01076 (W.D. Mo.)

(k) Jessica Scruggs, et al. v. H&R Block, Inc., et al., 4:13-cv-01061 (W.D. Mo.)

(l) Danielle Pooley v. H&R Block, Inc., et al., 4:13-cv-01060 (W.D. Mo.)

(m) Cameron Cox, et al. v. H&R Block, Inc., et al., 4:13-cv-01169 (W.D. Mo.)

(n) Jayne Hunt, et al. v. HRB Tax Group, Inc. et al., 4:13-cv-01050 (W.D. Mo.)

9. The release set forth in the Settlement Agreement is incorporated by reference and made part of the Final Approval Order and Judgment. Therefore, in consideration of the cash and non-cash benefits, and the mutual promises contained in the Settlement Agreement, the Releasing Parties hereby release the Released Parties from the Released Claims.

10. The Court hereby grants Class Counsels' request for an award of reasonable attorneys' fees and expenses in the total amount of $62,050. The payment of the

6

Case 4:13-cv-01076-FJG   Document 141   Filed 05/23/16   Page 6 of 7

award of reasonable attorneys' fees and expenses shall be made in accordance with the terms of the Settlement Agreement.

11. The Court approves the Class Representative Awards in the amount of $150 each. The Class Representative Awards shall be paid in accordance with the terms of the Settlement Agreement.

12. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or any liability or wrongdoing by the H&R Block Defendants.

13. No Settlement Class Member, either directly, representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding against the H&R Block Defendants in any court or tribunal asserting any of the Released Claims, and all Settlement Class Members are hereby enjoined from so proceeding.

14. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain jurisdiction over the Action, the parties, and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement Agreement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to this Court.

**IT IS SO ORDERED.**

Date:   May 23, 2016    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri    Fernando J. Gaitan, Jr.
United States District Judge